UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GARO ALEXANIAN d/b/a VET MOBILE and COMPANION ANIMAL NETWORK, INC.,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,

Defendants.

**MEMORANDUM AND ORDER**

No. 21-CV-05427 (LDH) (TAM)

---

LaSHANN DeARCY HALL, United States District Judge:

Garo Alexanian (d/b/a) Vet Mobile and Companion Animal Network, Inc. ("CAN,"[1] and together with Alexanian, "Plaintiffs") bring this action against Government Employees Insurance Company ("GEICO") and Travelers Casualty Insurance Company of America ("Travelers," and together with GEICO, "Defendants") seeking a declaration that Defendants have a duty to defend and indemnify Alexanian against counterclaims filed against him in the Supreme Court of New York, Queens County. Defendants move pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure to dismiss the complaint in its entirety for failure to state a claim.

---

[1] Alexanian purports to proceed *pro se* in this litigation, pursuant to 28 U.S.C. § 1654. When a plaintiff is proceeding *pro se*, the Court must typically "construe liberally" its complaint and any further pleadings, and "interpret them to raise the strongest arguments that they suggest." *Cold Stone Creamery, Inc. v. Gorman*, 361 F. App'x 282, 286 (2d Cir. 2010) (internal quotations and citation omitted). However, "lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.'" *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Cty.*, 506 U.S. 194, 202 (1993)). CAN is not represented by counsel, and thus, for the purposes of this memorandum and order, the Court analyzes Defendants' motions to dismiss only Alexanian's claims, and not any claims Alexanian purports to bring on CAN's behalf. If CAN fails to obtain counsel, however, the Court will dismiss all of its claims that are alleged in the amended complaint.

## BACKGROUND[2]

Alexanian is an officer of CAN, which is a not-for-profit corporation that provides veterinary services. (Am. Compl. ¶¶ 2-3, ECF No. 1-1.)[3] Alexanian[4] purchased general liability business insurance from Travelers (the "Travelers Policy"). (Am. Compl. ¶ 10; Ex. 2 (the "Policy") at 2, Meg Reid Decl. ("Reid Decl."), ECF No. 26-2.) The Traveler's Policy protects both CAN and CAN's "'executive officers' and "directors . . . but only with respect to their duties as [CAN's] officers or directors." (Policy at 67.) The Travelers Policy requires Travelers to "pay those sums that [CAN] becomes legally obligated to pay as damages because of 'personal injury' . . . to which this insurance applies[,]" and requires Travelers "to defend [CAN] against any 'suit' seeking damages for 'personal injury.'" (Policy at 198.) As relevant here, the Travelers Policy defines personal injury as:

> [I]njury, other than advertising injury, caused by . . . oral or written publication, including publication by electronic means, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the suit is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged.

(Policy at 75.) The Travelers Policy excluded from coverage, however, personal injury to a person "arising out of . . . employment-related practices, policies, acts or omissions, such as

---

[2] The following facts taken from the amended complaint are assumed to be true for the purpose of this memorandum and order.

[3] The complaint also alleges that "[a]t all relevant times Alexanian d/b/a Vet Mobile is the managing agent for [CAN]." (Compl. ¶ 4, ECF No. 1-1.) The Court is unclear whether this allegation means Alexanian is the managing agent of CAN or if Vet Mobile is the managing agent. The amended complaint does not provide any information as to what "Vet Mobile" is.

[4] The complaint states that "Plaintiff purchased" insurance from Travelers and from GEICO, but because there are multiple plaintiffs in the caption, it is unclear whether Alexanian or CAN purchased the policies. The Court assumes that Alexanian himself purchased the policies for this memorandum.

2

coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person." (Policy at 206.)

Alexanian also purchased an umbrella policy from GEICO (the "GEICO Policy"). (Am. Compl. ¶ 14; *see also* Ex. B at 74,[5] Am. Compl., ECF No. 15.) The GEICO Policy obligates GEICO to "pay damages on behalf of [Alexanian] arising out of an occurrence" (Ex. B. at 76), and "occurrence" is defined as "an accident or event . . . which results in personal injury . . . neither expected nor intended by an insured." (*Id.* at 75.) The GEICO Policy defines "personal injury" as "mental or bodily injury, shock, sickness, disease or death including care and loss of services" or "arising out of . . . libel, slander, defamation of character . . . not arising out of any business of any insured, and not arising out of oral, written or other publication of material by or at the direction of an insured with knowledge of its falsity." (*Id.*)

On January 15, 2021, Alexanian filed a complaint in New York Supreme Court, Queens County against Rosa Morales claiming back rent, damage to property, and removal of property, captioned *Garo Alexanian d/b/a Vet Mobile v. Rosa Morales a/k/a Rosa Fenty*, Index No. 700979/2021 (the "Underlying Action"). (Am. Compl. ¶ 24.) In the Underlying Action, Alexanian alleged that "[Alexanian] entered into a contract with [Morales] requiring [Morales] to pay a monthly rent . . . for residing in the residential apartment managed by [Alexanian] and his business." (Pls.' Mem. L. Opp. Mots. Dismiss ("Pls.' Opp'n"), Ex. A ("Underlying Action Compl.") ¶ 24, ECF No. 29-1.) The complaint in the Underlying Action alleged that Morales was "an employee of [Alexanian] and [Alexanian's] business from September 2015 until October 2019." (Underlying Action Compl. ¶ 23.) It also referred to Morales as a tenant. (*See id.* ¶ 1.)

---

[5] The Court refers to the page numbers assigned by the ECF system for this exhibit.

3

In her verified answer to the complaint, Morales filed a counterclaim alleging that Alexanian defamed her:

> That [Alexanian] and [Morales] are both in medical care professions. [Alexanian] made false statements to third parties including to his employees and doctors at his place of employment concerning [Morales's] professionalism. On or about October 2019, [Alexanian] told all of his employees and doctors that [Morales] is a thief, a cheat and a dishonorable person. On or about January 2021, [Alexanian] told Dr. Ashraf Hussein that [Morales] forged his signature and license.

(Pls.' Opp'n; Ex. A ("Verified Answer"), at 19, ECF No. 29-1.)

Alexanian timely notified Travelers of the counterclaim and sought defense and indemnity. (Am. Compl. ¶ 26.) Travelers disclaimed coverage. (*Id.* ¶ 28.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, where, as here, a plaintiff proceeds pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d

4

471, 474 (2d Cir. 2006)).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

### I.  Breach of Contract[6]

"[T]he duty to defend is 'exceedingly broad' and an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage."  *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006) (quotation omitted).  It follows then "that an insurer must afford its insured a defense unless it can show that the allegations of the complaint put it solely within the policy exclusion."  *Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 162–63 (1992).  "If the claims asserted, though frivolous, are within policy coverage, the insurer must defend irrespective of ultimate liability."  *Servidone Const. Corp. v. Sec. Ins. Co. of Hartford*, 64 N.Y.2d 419, 424 (1985).  When an insurer claims that an exclusion applies, "it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation."  *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 311 (1984).

Travelers argues Alexanian has failed to state a claim because the "only potentially covered claim asserted against [Alexanian] in the Underlying Action arises out of alleged defamation in the workplace and is therefore excluded from coverage."  (Travelers' Mem. Supp. Mot. Dismiss ("Travelers' Mem.") at 11–12, ECF No. 25.)  This is so, according to Travelers, because the "potential claims for defamation would not have occurred 'but for' Morales'[s] employment."  (*Id.* at 14.)  But, this argument is factual in a nature and asks the Court to weigh

---

[6] Only Travelers moves to dismiss the breach of contract claim.  GEICO does not so move.

5

the evidence, which it cannot do on a motion to dismiss. *See Morris*, 37 F. Supp. 2d at 565. Indeed, each of the cases on which Travelers relies involved an employment practice related exclusion determination made in the context of a summary judgment motion, and facts were not disputed. *See AmGuard Ins. Co. v. Country Plaza Assocs. Inc.*, No. 13-cv-5205, 2014 WL 3016544, at *1 (E.D.N.Y. July 3, 2014) (determining applicability of employment related exclusion on motion for summary judgment); *Berman v. Gen. Accident Ins. Co. Am.*, 671 N.Y.S.2d 619, 620 (N.Y. Sup. Ct. 1998) (same); *Adams v. Pro Sources, Inc.*, 231 F. Supp. 2d 499, 500 (M.D. La. 2002) (same); *Weinstein Supply Corp. v. Home Ins. Cos.*, No. Civ. A. 97-7195, 1999 WL 310590, at *1 (E.D. Pa. May 10, 1999) (same). At this juncture, the Court must determine only whether, assuming Alexanian's allegations are true, the defamation claim is solely "within the policy exclusion." *Mugavero*, 79 N.Y.2d at 162–63. And, the answer to that question is no. Thus, the breach of contract claim cannot be dismissed.

Travelers also argues that "to the extent the Counterclaims do not arise out of employment practices, they fall outside the limited scope for which Alexanian is an 'insured' under the Travelers Policy." (Travelers' Mem. at 15.) But, to support this point, Travelers directs the Court to a deed annexed to the declaration of Meg Reid (Travelers' Mem. at 15–16; *see* Ex. 4, Reid Decl., ECF No. 26-4), which is information outside of the amended complaint.[7] Of course, the Court may not consider this document on a motion to dismiss.

---

[7] Alexanian, attaching to his opposition evidence of his own, asserts that Morales leased a space in a different building that was owned by CAN. (Pl.'s Opp'n at 12–13.) Because Travelers' motion is not one for summary judgment, and the Court declines to convert it into one, neither Travelers' nor Alexanian's evidence is considered herein.

6

In short, Travelers has failed to establish that the Underlying Action falls within the employment practice related exclusion or is otherwise outside the Travelers Policy, and therefore, the motion to dismiss Alexanian's breach of contract claim must be denied.[8]

## II. Breach of the Covenant of Good Faith and Fair Dealing, Common Law Bad Faith, and Common Law Fraud

Travelers and GEICO both argue that Alexanian's extracontractual claims are duplicative of his breach of contract claims and must be dismissed. The Court agrees.

Insurance policies, like all contracts in New York, contain an implied duty of good faith and fair dealing. *See Gordon v. Nationwide Mut. Ins. Co.*, 30 N.Y.2d 427, 437 (1972). "This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *6243 Jericho Realty Corp. v. AutoZone, Inc.*, 71 A.D.3d 983, 984 (2d Dep't 2010). But, "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013). Thus, when, as here, "a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." *Id*. Alexanian's implied covenant claims are duplicative of the breach of contract claims because they are premised on Defendants' disclaimers of coverage. (*Compare* Am. Compl. ¶¶ 80–106 & 141–66 *with* Am. Compl. ¶¶ 29–45.) Alexanian's arguments to the contrary amount to nothing

---

[8] Alexanian argues that the intentional act exclusion is inapplicable to his defamation claim. (Pl.'s Opp'n at 5–9.) From the Court's review of Travelers' memorandum of law in support of its motion to dismiss, it appears that Travelers does not argue otherwise. (*See* Travelers' Mem. at 13–14 (arguing that intentional act exclusion applies to Morales's claims for unpaid wages).)

more than referring to disagreements about policy terms as deception and falsehoods. (Pl.'s Opp'n at 21–22.) Therefore, Alexanian's implied covenant claims are dismissed.

The common law bad faith claims must be dismissed for the same reason. The claims are based on the same facts as the breach of contract claim, and Alexanian's "use of familiar tort language in the pleading does not change the cause of action to a tort claim in the absence of an underlying tort duty[.]" *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 319–320 (1995). Alexanian argues, pointing to Travelers' refusal to cover the defamation suit and alleged failure to consider Alexanian's evidence, that Defendants' refusal to defend him "despite the numerous clear case law requiring a defense . . . indicates a gross disregard of the interests of its insured." (Pl.'s Opp'n at 13–16.) But a disagreement concerning interpretation of the policy, which is all Alexanian's allegations demonstrate, does not amount to bad faith. *Johnson v. Allstate Ins. Co.*, 33 A.D.3d 665, 666 (2d Dep't 2006) ("There is no separate tort for bad faith refusal to comply with an insurance contract.").[9]

Alexanian's fraud claims must be dismissed as well because "the alleged false representations are the essential terms of the contract and failure by [Defendants] to honor these terms gives rise for breach of contract, not one in tort." *Rabin v. Mony Life Ins. Co.*, 387 F. App'x 36, 40 (2d Cir. 2010). "Misrepresentations that are not collateral or extraneous to the contract, even if a false promise, do not give rise to a parallel fraud claim." *EQT Infrastructure Ltd. v. Smith*, 861 F. Supp. 2d 220, 234 (S.D.N.Y. 2012) (collecting cases). Alexanian's fraud claims are premised on his disagreement with Defendants about their obligations concerning the policies terms. (*See* Am. Compl. ¶ 62 ("Travelers . . . made [a] material misrepresentation . . .

---

[9] Alexanian asserts that he provided to Travelers evidence establishing that he was not liable for defamation. But that evidence does not conclusively establish that the employment practice related exclusion is inapplicable, which is one of the grounds Travelers asserted supporting disclaimer. Thus, the Court rejects Alexanian's argument that allegations concerning that evidence establish bad faith.

that the term 'General Liability' meant the industry standard definition . . . which includes libel and slander coverage and indemnification."); *id.* ¶ 72 ("GEICO . . . made [a] material representation . . . that the term 'Umbrella Policy' meant the industry standard definition, which includes coverage and indemnification for libel and slander and that it included coverage for 'libel, slander, [and] defamation.'").)  Indeed, each of the allegations Alexanian identifies in his opposition as supporting his fraud claim demonstrates that his claim is based on the contract. (Pl's Opp'n at 17–18.)  That is, the alleged misrepresentations are not collateral or extraneous to the policies, but concern the policies themselves, and therefore, there is no parallel fraud claim here.

### III.   New York General Business Law ("GBL") §§ 349 and 350

GEICO argues the Sixth and Eleventh causes of action, which plead fraud and unfair trade practices respectively, are properly construed as claims under GBL §§ 349 and 350 and must be dismissed.  The Court agrees.  GBL § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service."  N.Y. GBL § 349.  To state a claim, a plaintiff must plead "(1) that the defendant's conduct is 'consumer oriented'; (2) that the defendant is engaged in a 'deceptive act or practice'; and (3) that the plaintiff was injured by this practice."  *Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010).  "Courts almost uniformly find that disputes between policy holders and insurance companies concerning the scope of coverage are nothing more than private contractual disputes that lack the consumer impact necessary to state a claim pursuant to Section 349."  *Bartlett v. Nationwide Mut. Fire Ins. Co.*, No. 12-CV-435, 2013 WL 623497, at *4 (W.D.N.Y. Feb. 19, 2013).  Therefore, consumer-oriented acts in this context must be plead "with some specificity." *Id.*  "Conclusory allegations, . . . are not sufficient . . . in the absence of factual allegations in

9

support thereof." *Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, 439 (S.D.N.Y. 2004) (denying § 349 claim where the allegations "suggest nothing more than a dispute between private parties"). GBL § 350 claims, which concern false advertising, have the same pleading standard. *See Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 324 n.1 (2002) ("[T]he standard for recovery . . . is . . . identical to Section 349.").

Here, Alexanian's allegations establish nothing more than a private dispute between parties. Indeed, none of the allegations supporting the GBL claims suggest Defendants' conduct was directed at anybody other than Alexanian.[10] Resisting this conclusion, Alexanian claims that his allegation that Defendants engaged in a "wrongful failure to honor their contractual obligations and a custom, policy and pattern of denying defense and indemnification of legitimate claims to the general public at large with disingenuous reasons and strategies with pre knowledge that the general public is unable to afford a legal review of such denials . . ." is sufficient. (Pl.'s Opp'n at 25–26.) But, this allegation is conclusory. The allegations supporting that conclusion are allegations concerning Defendants' conduct toward only him. Indeed, even in his opposition, Alexanian references conduct directed only at him, and not conduct toward the public at large. (Pl.'s Opp'n at 25.) Alexanian's GBL claims must be dismissed.[11]

### IV. Attorney's Fees

---

[10] The pleading deficiency is present in the GBL claims against Travelers, and therefore, those claims are dismissed as well.

[11] Oddly, Alexanian attempts to distinguish insurance cases finding the consumer-oriented allegations lacking by arguing that "the matter at bar is not a coverage dispute between the parties." (Pl.'s Opp'n at 25.) But, when Alexanian describes what the dispute concerns, he describes Travelers' conduct in disputing coverage. (*See, e.g., Id.* ("claiming that plaintiff acted outside his capacity as director . . .and arguing [] that he was acting as a private person"; "disclaiming [coverage] contrary to numerous well-settled case law"; "disregarding the extra-contractual evidence . . . in order to deceive the insured that his business liability policy does not cover the underlying matter").) Indeed, Alexanian's arguments only confirm the Court's conclusion that the GBL claims must be dismissed.

10

Defendants argue that Alexanian's claims for attorney's fees must be dismissed. The Court agrees. Because the only surviving claims are the declaratory judgment claims and breach of contract claims against both Defendants, and attorney's fees are not available "except where authorized by statute, agreement or court rule," Plaintiff has not sufficiently pled attorney's fees. *See Ins. Co. Greater N.Y. v. Clermont Armory, LLC,* 84 A.D.3d 1168, 1171 (2d Dep't 2011); *see also Judy Flores-King v. Encompass Ins. Co.*, 29 A.D.3d 627 (2d Dep't 2006) ("It is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy."). Plaintiff has not sufficiently pleaded a right to attorney's fees, and so his claim for those fees must be dismissed.

## CONCLUSION

GEICO's motion to dismiss all extracontractual claims against it is GRANTED. Traveler's motion to dismiss is GRANTED in part and DENIED in part. Alexanian's breach of contract and declaratory judgment claims against both GEICO and Travelers survive, but all other claims are DISMISSED.

SO ORDERED.

Dated: Brooklyn, New York  
      September 30, 2022

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge